Opinion of June 10, 2010 Withdrawn; Affirmed and Substitute Memorandum Opinion
filed September 23, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00769-CR

___________________

 

JOHN ANDY JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 183rd District Court

Harris County,
Texas



Trial Court Cause No. 1121936

 



 

 

SUBSTITUTE MEMORANDUM OPINION

Our memorandum opinion of June 10,
2010, is withdrawn, and the following substitute memorandum opinion is issued
in its place.

A jury convicted appellant of murder and sentenced
him to confinement for life in the Texas Department of Criminal Justice,
Institutional Division.  Appellant raises two issues on appeal.

The victim, Corkney Lee, was in a car at a red light
when a truck containing two men, Jimmie Gross and appellant, stopped on the
passenger side of Lee’s car.  Jasmine Thomas was a passenger in Lee’s car.  Lee
and Gross exchanged words.  Lee pulled into a gas station and parked; Gross
parked beside him.  Gross and appellant then exited the vehicle with appellant
holding a shotgun.  Lee turned and ran away from appellant, toward the store,
and appellant fired.  Lee fell forward and subsequently died.  Gross and
appellant drove away.

In his first issue, appellant claims the alternate
juror was allowed to deliberate with the twelve members of the jury panel
during the guilt-innocence phase of the trial.  Appellant bases his claim on
the fact that when the jury was polled after rendering its verdict, the
alternate juror’s name was called and she responded.  The record reflects the
alternate juror responded, “I was an alternate.”  The alternate juror’s
response does not indicate she deliberated with the jury.  There is nothing in
the record that demonstrates, or even suggests, the alternate juror was part of
deliberations.  Appellant’s first issue is overruled.

Appellant’s second issue argues the trial court erred
in not allowing him to impeach Jasmine Thomas and in denying him the
opportunity to make a bill of exception.  The record reflects appellant was
allowed to make a bill of exception so we reject that claim.   Regarding
appellant’s other assertion, the record indicates Thomas, a witness for the
State, had been placed on community supervision pursuant to deferred
adjudication for possession with intent to deliver.  When appellant attempted
to question Thomas regarding her deferred adjudication, the trial court refused
to permit it.  

The Texas Court of Criminal Appeals in Maxwell v.
State, 48 S.W.3d 196, 200 (Tex. Crim. App. 2001), held “a defendant is
permitted to cross-examine a State’s witness on the status of his deferred
adjudication probation in order to show a potential motive, bias or interest to
testify for State.”  More recently, in Woods v. State, 152 S.W.2d 105,
111 (Tex. Crim. App. 2004), the Texas Court of Criminal Appeals cited Maxwell
for the proposition that there is a nexus between the witness’s testimony and
the witness’s potential motive to testify in favor of the other party when a
witness is serving a period of community supervision.  The court stated, “[i]n
such cases, the witness is placed in a vulnerable position and may have a
motive to testify in favor of the State.”  Id.  Accordingly, we find the
trial court erred in refusing to permit appellant to cross-examine Thomas on
the status of her deferred adjudication.  See Drew v. State, 76 S.W.3d
436, 451 (Tex. App. – Houston [14th Dist.] 2002, pet. ref’d).  

Appellant’s brief does not identify any harm from the
trial court’s error, and we determine there was none.  Thomas’ testimony was
echoed by Jimmie Gross, Oddie Bryant and Vetrice Smith.  Accordingly, her
testimony was cumulative, corroborated, and not critical to the prosecution’s
case.  Thomas was otherwise cross-examined and the
prosecution’s case was strong.  Therefore, we find the trial court’s error was
harmless.  See Shelby v. State, 819 S.W.2d 544, 547 (Tex. Crim. App.
1991); Drew, 76 S.W.3d at 451; Tex. R. App. P. 44.2(a).  Appellant’s
second issue is overruled.

Having overruled both of appellant’s issues, we
affirm the trial court’s judgment.

 

                                                            PER
CURIAM

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).